Winston M. REYNOLDS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20508.

United States Court of Appeals
Fifth Circuit.

Oct. 25, 1963.

Hawaii (i. e., within its exact terms) expressed some reluctance to construing it as without the usual federal rule.

Clinton Ashmore, U. S. Atty., Jack Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before CAMERON, WISDOM and GEWIN, Circuit Judges.

PER CURIAM.

The appellant was convicted in 1954 for violations of the Internal Revenue Laws relating to excise taxes on wages. This appeal from the district court's denial of a Section 2255 motion is the appellant's third attempt to have his sentences set aside. The appellant contends, apparently for the first time, that certain evidence the state police obtained when they answered the telephone in his office was an illegal interception in violation of the Wire Tapping Act, 47 U.S.C.A. § 605, and of the Fourth and Fifth Amendments. At the time of trial such evidence was admissible in federal courts under the "silver platter" doctrine. Such evidence is no longer admissible in federal trials. Elkins v. United States, 1960, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669. The question, therefore, is whether to apply Elkins retroactively.

In analogous situations the Fourth Circuit applied Mapp v. Ohio, 1961, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, retroactively. Hall v. Warden, 4 Cir. 1963, 313 F.2d 483. The Tenth Circuit applied Mapp v. Ohio prospectively only. Gaitan v. United States, 10 Cir. 1963, 317 F.2d 494. In an extremely thorough and carefully documented analysis of the problem, Judge Rives, for the Court, cast this Circuit's vote for the prospective application of Mapp; Judge Tuttle dissented. United States ex rel. Linkletter v. Walker, 1963, 323 F.2d 11. In reaching this conclusion Judge Rives distinguished Griffin v. Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, which established a rule of fundamental procedural fairness, from Mapp v. Ohio, in which the purpose of the exclusionary rule was to enforce the right of privacy as a deterrent to illegal police action. We agree with the analysis and conclusion in Linkletter, and hold that Elkins should not be applied retroactively.

The Court has carefully considered all of the appellant's contentions. We hold that they have no merit.

The judgment is affirmed.